**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4253**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY OGREDIUS COX,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.   James A. Beaty, Jr.,
District Judge. (CR-03-347)

———————

Submitted:  August 26, 2005      Decided:  September 27, 2005

———————

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North Carolina,
for Appellant.  Anna Mills Wagoner, United States Attorney, Harry
L. Hobgood, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tony Ogredius Cox appeals his jury conviction and five-month sentence for knowingly and willfully making a materially false statement and representation on a FAA Form 8500-8 in violation of 18 U.S.C. § 1001 (a)(2) (2000). Cox contends his conviction should be reversed because there was insufficient evidence that his misrepresentation was material to a matter within the jurisdiction of the Federal Aviation Administration (FAA). See United States v. Arch Trading Co., 987 F.2d 1087, 1095 (4th Cir. 1993) (citations omitted). We affirm.

A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). When, as here, the defendant challenges the sufficiency of the evidence at trial, the relevant question is whether, taking the view most favorable to the Government, there is substantial evidence to support the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). This court "must consider circumstantial as well as direct evidence, and allow the

Government the benefit of all reasonable inferences from the facts proven to those sought to be established." <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). With these standards in mind, and after reviewing the record, we conclude that the evidence was sufficient to support Cox's conviction.

Accordingly, we affirm Cox's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>